United States District Court
District of Massachusetts

```
_____
                                   )
Susan C. Gray, et al.,             )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )   Civil Action No.
                                   )   25-10054-NMG
Arrow Mutual Liability Insurance   )
Company, et al.,                   )
                                   )
        Defendant.                 )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiffs Susan C. Gray ("Susan") and Brian Gray ("Brian") (collectively, "plaintiffs") allege that defendants Arrow Mutual Liability Insurance Company ("Arrow"), The Arrow Mutual 401(k) Plan ("the Plan") and Tanya Ucuzian (collectively, "defendants"), violated the Employee Retirement Income Security Act of 1974 ("ERISA") by wrongfully withholding the employer contribution sub-account of the late Peter Gray. Defendants now move to dismiss or, in the alternative, to stay the action. For the following reasons, the motion to dismiss will be denied and the motion to stay will be allowed.

I. Background

Susan and Brian Gray are the wife and son, respectively, of Peter Gray ("Peter"), who died in February, 2023. Brian, as the

-1-

personal representative of Peter's estate, brought this action with Susan, who is the 100% beneficiary of Peter's 401(k) account. All parties to this action are residents of, or do business in, Massachusetts.

Peter was the President and CEO of Arrow from 1999 until his death in 2023. Beginning in 2002, he allocated a percentage of his salary to the Arrow Mutual 401(k) Plan which matches employee contributions. Arrow matched Peter's contributions throughout his 21-year participation in the Plan and made employer contributions of over $600,000.

In June, 2023, Brian filed a separate lawsuit in the Massachusetts Superior court for Essex Country ("the state action") against Arrow and Tanya Ucuzian, who served as Arrow's Treasurer between 2014 and 2023 and is now its President and Trustee. The complaint alleged that the estate was entitled to unused paid time off and a bonus. Defendants, in turn, brought counterclaims for, among other things, conversion and breach of fiduciary duty due to Peter's unauthorized participation in the Plan. The state court action remains pending.

In December, 2023, following Peter's death, Susan requested that his 401(k) account be transferred to her. The following month, Arrow filed a Voluntary Correction Program ("VCP") application with the IRS to exclude the President from participating in the Plan. In November, 2024, Susan renewed her

-2-

claim to the balance of Peter's 401(k) account. Arrow responded a month later by distributing to Susan the account balance minus its employer contributions. In February, 2025, after the complaint in this case was filed, Arrow denied her claim to the remaining balance and informed her of the appeal process.[1]

In January, 2025, plaintiffs filed suit in this Court asserting claims for 1) denial of benefits under ERISA §1132(a)(1)(B), 2) equitable relief pursuant to §1132(a)(3) and 3) violation of ERISA Section 510.  Defendants now move to dismiss all claims, or, in the alternative, to stay the case pending the resolution of the administrative appeal process, the IRS action and the state court action (Docket No. 9).

## II.  Discussion

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

#### i.  Standard of Review

In opposing a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), plaintiff bears the burden of establishing that the Court has jurisdiction to hear the claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  If defendant mounts a "sufficiency challenge", the court will assess the sufficiency of the plaintiff's jurisdictional allegations by construing the complaint

---

[1] Susan appealed the claim denial in March, 2025 and that appeal remains pending.

-3-

liberally, treating all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

### ii. Standing

To survive a 12(b)(1) motion to dismiss, plaintiffs must have standing as participants, beneficiaries or fiduciaries under ERISA. Eggert v. Merrimac Paper Co. Leveraged Emp. Stock Ownership Plan & Tr. ("The ESOP"), 311 F. Supp. 2d 245, 248 (D. Mass. 2004); 29 U.S.C. § 1132(a). Plaintiffs also must establish constitutional standing under Article III which requires alleging an injury in fact that is concrete and particularized. Reddy v. Foster, 845 F.3d 493, 500 (1st Cir. 2017). So long as one plaintiff in an action has standing to bring each claim, the Court need not address the standing of other plaintiffs. Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. United States Dep't of Health & Hum. Servs., 557 F. Supp. 3d 224, 234-35 (D. Mass. 2021).

Defendants assert that Brian should be dismissed as a party pursuant to Rule 12(b)(1) because he lacks statutory and constitutional standing. They concede, however, that Susan has standing to bring this suit in federal court. Because the outcome of the litigation does not change by virtue of Brian's involvement, the Court declines address the issue of his standing.

### iii. **Ripeness**

Defendants next argue that plaintiffs' claims are not ripe for review. Article III, as well as prudential considerations, advise federal courts to adjudicate only claims that are ripe for review. Roman Catholic Bishop of Springfield v. City of Springfield, 724 F.3d 78, 89 (1st Cir. 2013). To demonstrate that a claim is ripe for resolution, the Court must consider the fitness of the issue for judicial decision and the hardship to the parties if judgment is withheld. Id.

Defendants first assert that plaintiffs' claims will not become ripe until they have exhausted all administrative remedies available to them. Indeed, exhaustion of such remedies is required before one can file ERISA claims in federal court. See Madera v. Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir. 2005). A claimant is presumed, however, to have exhausted administrative remedies when a plan administrator fails to inform her of an adverse benefit determination within 90 days of the filing of a claim. 29 C.F.R. §2560.503-1 (f) and (l).

The Court concludes that Susan has exhausted all available administrative remedies. The complaint, as well as defendants' own submissions, make clear that Susan filed a claim for benefits in December, 2023, when she submitted the Death Benefit Claim 401(k) Plan form. In November, 2024, Susan sent a letter to defendants reiterating that original claim. Defendants

denied the claim with respect to employer contributions in February, 2025, more than one year after the original claim was made and almost two months after the filing of the present action. That delay is sufficient, as per regulation, to consider Susan's administrative remedies exhausted.[2]

Defendants also assert that plaintiffs' claims are not ripe for review because of the pending IRS action. They purportedly are withholding the employer contribution sub-account only until the IRS decides on its VCP application. Defendants' contention of unripeness is without legal authority and their motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) will therefore be denied.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants argue that the complaint should be dismissed under Fed.R.Civ.P 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants base this motion, as they did the 12(b)(1) motion, on the assertion that Susan is required to proceed through the Plan's appeal process before filing a claim under ERISA. For the reasons stated above, the Court finds that Susan has exhausted her administrative remedies and defendants' motion will be denied.

---

[2] Defendants contend that Susan did not elect to receive 100% of the claimants share payable to her but that is a misrepresentation, not to be repeated, because it is clear from defendants' own declaration that Susan requested 100% of her share to be rolled over into a Fidelity IRA.

-6-

### C. Motion to Stay

Defendants move the Court to stay the action until resolution of the state case. In support of their motion, defendants rely on the "first-to-file" rule, which governs the administration of related cases pending in separate federal courts, not between state and federal court. Thakkar v. United States, 389 F. Supp. 3d 160, 170 (D. Mass. 2019). Indeed, defendants' counsel appears to appreciate that distinction by conveniently omitting the word "federal" from her discussion of the rule. The Court is obliged not to do likewise.

The Colorado River abstention doctrine provides guidance to a federal court as to when to decline jurisdiction over a case in favor of a parallel state litigation. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976). The decision whether to abstain is heavily weighted in favor of exercising jurisdiction. Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 13 (1st Cir. 1990). A stay, rather than outright dismissal, is the appropriate action when the plaintiff is requesting money damages as her sole relief. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 721 (1996). The question here, therefore, is whether the state action is sufficiently "parallel" to this one as to overcome the presumption against abstention and to warrant a stay. The Court concludes that it is.

Susan, as the beneficiary of Peter's 401(k) account, seeks recovery of the entire account. Whether she is entitled to such relief depends upon whether Peter was a valid member of the Plan. If the state court finds that he was not, Susan is not entitled to relief under ERISA.

Defendants' counterclaims in the state action rest on the same factual determinations. They have asserted a counterclaim for conversion based upon Peter's transfer of over $400,000 of unauthorized employer contributions into his 401(k) account. Just as with the ERISA claim, the outcome of that counterclaim will turn on whether Peter was a valid member of the 401(k) plan and thus entitled to the employer contributions. Resolution of the latter will necessarily resolve the former.

The state action is much further along than the present case. That case was filed in December, 2023, and summary judgment motions were ruled upon in June, 2025. The case is set to go to trial in March, 2026. This Court therefore concludes that it is prudent to stay the current action pending resolution of defendants' counterclaim for conversion in the state action.

## ORDER

For the forgoing reasons, the Motion to Dismiss or Stay (Docket No. 9) is, as to the motion to dismiss, **DENIED**, but as to the motion to stay, **ALLOWED** pending the outcome of the Essex County state action No. 2377CV00610.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 29, 2025